175592.1

Milton Springut (MS6571)
David A. Kalow (DK0712)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600



*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VAN CLEEF & ARPELS, S.A., and        :
VAN CLEEF & ARPELS, INC.             :     Civil Action
                                     :
                                     :
            Plaintiffs,              :     No.
                                     :
v.                                   :
                                     :     COMPLAINT
QVC, INC.,                           :
                                     :
                                     :
            Defendant.               :
------------------------------------------------------------x

      Plaintiffs, complaining of Defendants, through their undersigned counsel hereby allege as follows:

## NATURE OF THE CASE

      1.    This is an action for trademark infringement predicated on the sale of jewelry items bearing copies of Plaintiffs' proprietary jewelry designs. Plaintiffs represent the interests of the jewelry house Van Cleef & Arpels – famous for over a century for its designs and quality. For nearly forty years, Van Cleef & Arpels has marketed the Alhambra collection of jewelry, which has become world renowned for its distinctive well-recognized quatrefoil design.

2. Given the confusion in the marketplace caused by defendants' misappropriation of the distinctive Alhambra look, Van Cleef & Arpels brings this action to put a stop to such infringements of its rights.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action arising under the Trademark Act pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has subject matter jurisdiction over the claims in this action arising under State law pursuant to 28 U.S.C. §§ 1367 and 1338.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

6. Plaintiff Van Cleef & Arpels, S.A,. is a corporation organized and existing under the laws of Switzerland, having an office and place of business at 8 Route de Chandolan, 1752 Villars-sur-Glane, Switzerland.

7. Plaintiff Van Cleef & Arpels, Inc. is a corporation organized and existing under the laws of the State of New York, having an office and place of business at 12 West 57th Street, New York, NY 10015. Van Cleef & Arpels, Inc. is a licensed importer of Van Cleef & Arpels brand products, and is the exclusive licensee for the sale of such products at retail in the United States.

8. Van Cleef & Arpels, S.A. is the owner of the trademark/trade dress rights asserted herein, which it authorizes its co-defendant Van Cleef & Arpels, Inc. to use in commerce. For the purposes of this Complaint, except where specified, the interests of Plaintiffs Van Cleef & Arpels, S.A. and Van Cleef & Arpels, Inc. are as a practical matter

identical, and they are hereinafter referred collectively and interchangeably as "Plaintiffs" or "VCA."

9. Defendant QVC, Inc., upon information and belief, is a corporation organized under the laws of the State of Delaware, having an office and place of business at 1200 Wilson Drive at Studio Park, West Chester, Pennsylvania 19380-4262 ("QVC"). Defendant QVC is transacting and doing business in this judicial district or is otherwise subject to the personal jurisdiction of this Court.

## FACTS COMMON TO ALL COUNTS

### The Van Cleef & Arpels Brand and Business

10. The Van Cleef & Arpels business has its origins in 1898, when Alfred Van Cleef married Estelle Arpels, and proceeded to open a jewelry business with her brothers at 22 Place Vendome in Paris. Plaintiffs and their affiliates and predecessors in interest are famous for the production of fine luxury jewelry and watches, innovation in jewelry and watch styles and designs, and introduction of new and important jewelry technologies, including the introduction of a patented invisible-setting technique in the 1930s. For many years, and long since before the acts of the Defendants complained of herein, VCA has been engaged in the manufacture and sale in interstate and intrastate commerce of high quality luxury jewelry, watches and related goods (the "VCA Products").

### The ALHAMBRA Quatrefoil Design Symbol

11. Beginning in or about 1968, VCA has marketed and promoted a distinctive line of jewelry now known by the name ALHAMBRA. The first variation of such jewelry was

3

These eleven elements define a subset of the shape known as a "quatrefoil" – not all quatrefoils or quatrefoil shaped jewelry fit into this unique definition.

13. The quatrefoil shaped ornament as defined hereinabove functions and is perceived by the public as a symbol of source of both VCA and the jewelry of the Alhambra collection, and is hereinafter referenced as the ALHAMBRA QUATREFOIL DESIGN SYMBOL.

14. Through extensive advertising and promotion of the entire Alhambra collection and the various Alhambra family members, the ALHAMBRA QUATREFOIL DESIGN SYMBOL has come to be associated with VCA as the single source. The public has come to recognize the ALHAMBRA QUATREFOIL DESIGN SYMBOL as distinctive of this collection of VCA jewelry and as an indication of source thereof.

15. The ALHAMBRA QUATREFOIL DESIGN SYMBOL is not "functional" as that term is used in trademark law, including specifically 15 U.S.C. § 1125(a)(3).

16. The ALHAMBRA QUATREFOIL DESIGN SYMBOL is protectible as a "word, name, symbol or device" under Sections 43 and 45 of the Trademark Act, 15 U.S.C. §§ 1125 and 1127, both by virtue of the fact of being inherently distinctive and having acquired secondary meaning as set forth above.

17. Such protection of the ALHAMBRA QUATREFOIL DESIGN SYMBOL can be understood as legally cognizable in at least one of three ways:

    a. as an unregistered protected product design trade dress, with the ALHAMBRA QUATREFOIL DESIGN SYMBOL denoting the elements of the trade dress common to all the members of the Alhambra collection,

        with such trade dress being protectible because it has achieved secondary meaning and is non-functional;

    b.    as an unregistered design trademark, with the ALHAMBRA QUATREFOIL DESIGN SYMBOL being protectible both by reason of its being inherently distinctive and having achieved secondary meaning; and

    c.    as the common element of a "family of trade dresses," such that each family member of the Alhambra collection is viewed as a distinctive trade dress, and the ALHAMBRA QUATREFOIL DESIGN SYMBOL is the common family element, representative of the entire family, and against which infringement is judged.

The ALHAMBRA QUATREFOIL DESIGN SYMBOL is protectible under any and all of these legal theories, including as a "word, name, symbol or device" under Sections 43 and 45 of the Trademark Act, 15 U.S.C. §§ 1125 and 1127.

**Defendant's Infringing Activities**

18.    Defendant has sold, offered for sale and/or distributed products embodying the ALHAMBRA QUATREFOIL DESIGN SYMBOL.

19.    On information and belief, such activities were done willfully and knowingly, knowing that such products are confusingly similar to the ALHAMBRA QUATREFOIL DESIGN SYMBOL and VCA's products embodying same.

20. Defendant in this action has not sought or received a license or authorization from the Plaintiffs for any purpose whatsoever, including for the acts described herein.

## COUNT I

### TRADEMARK/TRADE DRESS INFRINGEMENT
### 15 U.S.C. § 1125(a)

21. VCA repeats and incorporates herein by reference each of the foregoing allegations.

22. As set forth above, VCA has a protectible interest in the ALHAMBRA QUATREFOIL DESIGN SYMBOL as a symbol of source of its jewelry products.

23. Defendant has reproduced, copied and imitated the ALHAMBRA QUATREFOIL DESIGN SYMBOL in designing certain of their jewelry in a manner that is confusingly similar to the distinctive ALHAMBRA QUATREFOIL DESIGN SYMBOL of VCA.

24. Defendant's adoption and use of the ALHAMBRA QUATREFOIL DESIGN SYMBOL or a colorable imitation thereof constitutes infringement of the ALHAMBRA QUATREFOIL DESIGN SYMBOL, either as trade dress infringement, trademark infringement or infringement of a family of trade dress, and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

25. The actions and conduct of Defendant complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA QUATREFOIL DESIGN SYMBOL and the goodwill associated therewith.

26. Defendant's trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount to thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

27. Defendant's infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

## COUNT II

### COMMON LAW TRADEMARK/TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

28. VCA repeats and incorporates herein by reference each of the foregoing allegations.

29. Defendant has reproduced, copied and imitated the ALHAMBRA QUATREFOIL DESIGN SYMBOL in distributing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

30. Defendant's actions constitute common law trade dress infringement and unfair competition.

31. The actions and conduct of Defendant complained of herein has damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA QUATREFOIL DESIGN SYMBOL and the goodwill associated with them.

32. Defendant's trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

33. Defendant's trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

**WHEREFORE**, Plaintiffs demand:

1. That Defendant, its officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

> (a) From using in any manner the ALHAMBRA QUATREFOIL DESIGN SYMBOL, or any colorable imitation thereof, whether alone or in combination with any other words or designs, in manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by VCA, or not authorized by VCA to be sold in connection with their respective said marks;
>
> (b) From representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief that Defendant, or any of its goods, are authorized or sponsored by VCA;
>
> (c) From passing off, inducing or enabling others to sell or pass off any goods as products produced by Plaintiffs that are not in fact genuine VCA goods, or not produced under the control and supervision of VCA and approved by VCA; and
>
> (d) From otherwise competing unfairly with Plaintiffs in any manner.

9. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: June 4, 2008

By: /s/ Milton Springut
Milton Springut, Esq.
David A. Kalow, Esq.
Tal S. Benschar, Esq.
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

*Attorneys for Plaintiffs*
*Van Cleef & Arpels, S.A.; Van Cleef &*
*Arpels, Inc. and Van Cleef & Arpels*
*Distribution, Inc.*