**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
:
VAN CLEEF & ARPELS, S.A., and :
VAN CLEEF & ARPELS, INC. :
: **Civil Action No.**
Plaintiffs, : **08 CV 5167 (SAS)**
:
v. :
: **ECF**
QVC, INC. :
:
Defendant. :
----------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, QVC, INC. ("defendant" or "QVC"), by its attorneys, for its answer and affirmative defenses to the complaint of plaintiffs, VAN CLEEF & ARPELS, S.A., and VAN CLEEF & ARPELS, INC. ("plaintiffs" or "VCA"), alleges as follows:

1.  Defendant admits that plaintiffs have commenced this civil action for alleged trade dress infringement, except that defendant denies liability to plaintiffs for all of the claims set forth in their complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 1 of the complaint, and therefore denies the same.

2.  Defendant denies the allegations contained in paragraph 2 of the complaint.

3.  Defendant admits that this Court has subject matter jurisdiction over the claims set forth in the complaint as alleged in paragraph 3 of the complaint, except that defendant denies liability to plaintiffs for such claims.

4.  Defendant admits that this Court has subject matter jurisdiction

over the claims set forth in the complaint as alleged in paragraph 4 of the complaint, except that defendant denies liability to plaintiffs for such claims.

5. Defendant denies the allegations contained in paragraph 5 of the complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, and therefore denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, and therefore denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint, and therefore denies the same, except specifically denies that plaintiffs possess any "trademark/trade dress rights" in the designs asserted in the complaint.

9. Defendant admits the allegations contained in paragraph 9 of the complaint, except denies that it "is transacting and doing business in this judicial district or is otherwise subject to the personal jurisdiction of this Court."

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint, and therefore denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint, and

therefore denies the same.

   12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint, and therefore denies the same, except specifically denies that plaintiffs possess any trademark or trade dress rights in the elements set forth in paragraph 12 of the complaint.

   13. Defendant denies the allegations contained in paragraph 13 of the complaint.

   14. Defendant denies the allegations contained in paragraph 14 of the complaint.

   15. Paragraph 15 of the complaint states a legal conclusion that is not capable of admission or denial. To the extent that there are any allegations contained in paragraph 15 that are capable of admission or denial, defendant denies them.

   16. Defendant denies the allegations contained in paragraph 16 of the complaint.

   17. Paragraphs 17, 17(a), 17(b) and 17(c) of the complaint state legal conclusions that are not capable of admission or denial. To the extent that there are any allegations contained in paragraphs 17, 17(a), 17(b) and 17(c) capable of admission or denial, defendant denies them.

   18. Defendant denies the allegations contained in paragraph 18 of the complaint.

19. Defendant denies the allegations contained in paragraph 19 of the complaint.

20.- Defendant admits the allegations contained in paragraph 20 of the complaint, except denies that any license, authorization or permission from plaintiffs is required.

21. Defendant repeats and re-alleges each and every of its foregoing answers to the allegations contained in paragraphs 1 through 20 of the complaint as if more fully set forth hereinagain.

22. Defendant denies the allegations contained in paragraph 22 of the complaint.

23. Defendant denies the allegations contained in paragraph 23 of the complaint.

24. Defendant denies the allegations contained in paragraph 24 of the complaint.

25. Defendant denies the allegations contained in paragraph 25 of the complaint.

26. Defendant denies the allegations contained in paragraph 26 of the complaint.

27. Defendant denies the allegations contained in paragraph 27 of the complaint.

28. Defendant repeats and re-alleges each and every of its foregoing answers to the allegations contained in paragraphs 1 through 27 of the complaint as if more fully set forth hereinagain.

29. Defendant denies the allegations contained in paragraph 29 of the complaint.

30. Defendant denies the allegations contained in paragraph 30 of the complaint.

31. Defendant denies the allegations contained in paragraph 31 of the complaint.

32. Defendant denies the allegations contained in paragraph 32 of the complaint.

33. Defendant denies the allegations contained in paragraph 33 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

34. The complaint fails to state any cause of action against defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

35. Plaintiffs are not entitled to exclusively appropriate commonly used shapes such as the "quatrefoil" or four leaf clovers.

### THIRD AFFIRMATIVE DEFENSE

36. Plaintiffs' use of their alleged "Alhambra" trade dress is not inherently distinctive.

37. Plaintiffs' "Alhambra" trade dress is ornamental and does not serve to identify plaintiffs as the source or origin of the merchandise with which it is offered.

38. Plaintiffs' use of their alleged "Alhambra" trade dress has not acquired secondary meaning.

39. Upon information and belief, the elements of plaintiffs' "Alhambra" trade dress, as set forth in paragraph 12 of the complaint are not consistently used by plaintiffs.

40. Plaintiffs' alleged "Alhambra" trade dress is unprotectable.

### FOURTH AFFIRMATIVE DEFENSE

41. There is no likelihood of confusion between any of the products that bear Plaintiffs' alleged "Alhambra" trade dress and any of Defendant's jewelry products.

### FIFTH AFFIRMATIVE DEFENSE

42. Upon information and belief, numerous parties have used quatrefoil and/or four leaf clover designs in connection with various products, including jewelry, as a decorative element.

43. The public does not and/or is not likely to view quatrefoil and/or four leaf clover designs as indicating source or origin with any one company.

### SIXTH AFFIRMATIVE DEFENSE

44. If there be any violation of any right of plaintiffs, which defendant denies, it was unintentional and not deliberate or willful, and any alleged damage is <u>de minimis</u>.

### SEVENTH AFFIRMATIVE DEFENSE

45. Plaintiffs' complaint and claims for relief are barred by the equitable doctrines of waiver, laches, estoppel and/or acquiescence

**WHEREFORE**, defendant prays:

A. That the complaint be dismissed in its entirety;

B. That judgment be awarded in favor of defendant and against plaintiffs on each and every claim in the complaint;

C. That defendant be awarded its reasonable attorneys' fees and costs in connection with the defense of this civil action; and

D. That defendant have and recover such other relief and/or further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 7, 2008

                                        **COLUCCI & UMANS**

                                        By: *Frank J. Colucci*
                                        Frank J. Colucci (FC-8441)
                                        David M. Dahan (DD-5864)
                                        218 East 50th Street
                                        New York, New York 10022
                                        Telephone: (212) 935-5700
                                        Facsimile: (212) 935-5728
                                        Email: email@colucci-umans.com

                                        Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 7, 2008, he caused a copy of the foregoing "Answer and Affirmative Defenses to Complaint" to be served on Plaintiff's counsel listed below by filing a copy with the CM/ECF system.

Milton Springut<br>
Tal S. Benschar<br>
Kalow & Springut LLP<br>
488 Madison Avenue<br>
New York, New York 10022

_/s/ Frank J. Colucci_
Frank J. Colucci (FC-8441)